UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAMES OFFICE, LLC and<br>MAHARAM FABRIC CORP.,<br>        Plaintiffs<br><br>v.<br><br>EASTHILL HOTEL CORP. d/b/a<br>THE POD HOTEL, and<br>SWAVELLE/MILL CREEK FABRICS, INC.,<br>        Defendants | Civ. No. 1:08-cv-988 (LAP)<br>**ECF CASE**<br><br>(Jury Trial Demanded) |

## DEFENDANT SWAVELLE'S ANSWER AND CROSSCLAIMS TO FIRST AMENDED COMPLAINT

Defendant Swavelle/Mill Creek Fabrics, Inc., (Swavelle) by and through its attorneys, Krantz and Berman, LLP, hereby provides its Answer to the First Amended Complaint of Plaintiffs as follows:

1. Admits the legal nature of the Action and that Plaintiffs seek legal and equitable relief; otherwise denies the remaining allegations in the paragraph.

2. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 2 of the First Amended Complaint.

3. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 3 of the First Amended Complaint.

4. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 4 of the First Amended Complaint.

5. Admits the allegations set forth in paragraph 5 of the First Amended Complaint.

## Jurisdiction and Venue

6. Admits the allegations set forth in paragraph 6 of the First Amended Complaint.

7. Admits the allegations set forth in paragraph 7 of the First Amended Complaint.

## Facts

8. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 8 of the First Amended Complaint.

9. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 9 of the First Amended Complaint.

10. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 10 of the First Amended Complaint.

11. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 11 of the First Amended Complaint.

12. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 12 of the First Amended Complaint.

13. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 13 of the First Amended Complaint.

14. Admits only that Pod under the name The Pickwick Arms Hotel (Pickwick) purchased fabric from Defendant Swavelle; otherwise denies or lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 14 of the First Amended Complaint.

15. Admits only that Swavelle caused to be manufactured fabric according to Pod's (Pickwick's) order; otherwise denies the allegations in paragraph 15 of the First Amended Complaint.

16. Admits only that Swavelle sold Pod (Pickwick) approximately 3915 yards of fabric; otherwise denies the allegations in paragraph 16 of the First Amended Complaint.

17. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 17 of the First Amended Complaint.

18. Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 18 of the First Amended Complaint.

## Count I

19. Defendant Swavelle repeats and realleges each of the foregoing answers as though fully set forth herein.

20. Swavelle admits that it did not receive authorization to use the Eames Dot Pattern; it otherwise denies or lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 20 of the First Amended Complaint.

21. Denies the allegations in paragraph 21 of the First Amended Complaint.

22. Denies the allegations in paragraph 22 of the First Amended Complaint.

23. Denies the allegations in paragraph 23 of the First Amended Complaint.

24. Denies the allegations in paragraph 24 of the First Amended Complaint.

25. Denies the allegations in paragraph 25 of the First Amended Complaint.

### Count II

26-28. Declines to respond. This Count does not apply to Swavelle.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Eames Dot Pattern was not an original work and therefore does not and cannot receive copyright protection.

### THIRD AFFIRMATIVE DEFENSE

The copyright protection, if any, on the Eames Dot Pattern was dissipated through publication of that pattern and the pattern is no longer entitled to copyright protection.

### FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the First Amended Complaint are barred in whole or in part by the doctrine of *laches*.

## FIFTH AFFIRMATIVE DEFENSE

The claims and claims for damages set forth in the First Amended Complaint are barred in whole or in part because the Eames Dot Pattern was not properly registered or was registered after the infringement took place.

WHEREFORE, Swavelle demands that this Court enter judgment dismissing the Complaint together with costs and attorney's fees, as provided by law, together with such other and alternative relief as the Court may deem just and proper.

## DEFENDANT SWAVELLE'S CROSSCLAIMS

Defendant Swavelle/Mill Creek Fabrics, Inc., (Swavelle) by and through its attorneys, Krantz and Berman, LLP, pursuant to Fed. R. Civ. P. 13(g), hereby Crossclaims against defendant Easthill Hotel Corp., d/b/a The Pod Hotel, as follows:

## THE FACTS

1. Defendant Easthill Hotel Corp. d/b/a the Pod Hotel ("Pod") is, upon information and belief, a New York entity with a principal place of business in New York, New York, which owns and operates a hotel located at 230 East 51st Street, New York, New York 10022. Vanessa Guilford ("Guilford"), upon information and belief, is an interior decorator and an employee of Pod, whose acts as referenced herein were on behalf of Pod, within the scope of her employment at Pod, and as an authorized agent of Pod.

2. Defendant/Cross-Claim Plaintiff Swavelle/Mill Creek Fabrics, Inc. is a New York corporation with its principal place of business located at 15 E. 26th Street, New York, New York 10010. It is a converter, importer and distributor of home furnishing fabrics, selling primarily to customers in the United States.

3. According to plaintiffs' claims, on or after October 12, 2004, Pod and its agent Guilford received fabric swatches of the Eames Dot Pattern fabric from Maharam. The said swatches contained a copyright notice indicating that the Plaintiffs claimed copyright protection of the fabric design.

4. At no time did Pod or its agent Guilford inform Swavelle that it/she had received swatches of the Eames Dot Pattern fabric or that said swatches contained a copyright notice indicating that the Plaintiffs claimed copyright protection of the fabric design.

5. During the winter of 2005, Guilford, acting on behalf of Pod (under the name Pickwick Arms Hotel), visited Swavelle's New York Showroom at its principal place of business at 15 East 26th Street, New York, NY. There she saw a fabric pattern named "Jax". She requested swatches of it.

6. On March 31, 2005, Guilford, acting on behalf of Pod (Pickwick), requested that Swavelle construct a fabric. Guilford specified the cloth, colors and design of the material to be produced. She attached samples of the colors she sought, but did not show anyone at Swavelle the swatches of fabric she received from Maharam. She also did not inform Swavelle that the pattern she was asking them to produce might infringe a copyrighted fabric pattern although she well knew that the

Plaintiffs claimed protection of the Eames Dot Pattern.

7. Swavelle did not know that the pattern Pod and Guilford were seeking was under a claim of copyright protection.

8. According to plaintiffs' claims, on or after April 5, 2005, Pod and its agent Guilford requested eight yards of Eames Dot Pattern fabric in red from Plaintiff Maraham and sometime thereafter received it.

9. Thereafter, upon information and belief, Pod and Guilford used those eight yards to create a demo room for the design of the hotel they were renovating and redesigning.

10. In or about June or July, 2005, Guilford approved the fabric design she had requested from Swavelle and ordered the fabric.

11. In or about and between August and September, 2005, Swavelle delivered 3915 yards of the fabric ordered to Pod (Pickwick).

### THE FIRST CROSS-CLAIM

This is a Cross-Claim under N.Y. U.C.C. § 2-312(3) for the Defendant Easthill Hotel Corp. d/b/a the Pod Hotel to hold harmless Swavelle from any claim of infringement.

12. The Defendant Swavelle repeats and realleges each of the foregoing facts of the Cross-Claim as though fully set forth herein.

13. Pod and its agent Guilford knew that the Plaintiffs claimed copyright protection on the Eames Dot Pattern.

14. Swavelle was not aware of this claim.

15. Pod and its agent Guilford ordered fabric made to their specifications from

Swavelle. Swavelle manufactured the fabric to those specifications.

16. As a buyer who orders a product manufactured to its specifications, it has a duty to hold harmless from claims of infringement the seller of the product under N.Y. U.C.C. § 2-312(3). Under this provision, the buyer provides an implied warranty against infringement.

17. The breach of this warranty against infringement has caused damage to Swavelle. Defendant Pod must hold Swavelle harmless from any claim of infringement.

## THE SECOND CROSS-CLAIM

This Cross-Claim is brought under principles of copyright and tort law. Knowing that Plaintiffs claimed copyright protection in a fabric pattern, the Eames Dot Pattern, Defendant Pod, without disclosing this information to Swavelle, wrongfully encouraged and caused Swavelle to manufacture a fabric that allegedly violated such claim of copyright protection.

18. The Defendant Swavelle repeats and realleges each of the foregoing facts of the Cross-Claim as though fully set forth herein.

19. Pod and its agent Guilford knew of the claim of copyright protection on the Eames Dot Pattern.

20. Pod and its agent Guilford did not inform Swavelle of this claim of copyright protection.

21. Pod and its agent Guilford encouraged and caused Swavelle to manufacture a fabric that allegedly infringed the copyright claimed on the Eames Dot Pattern.

22. Swavelle was damaged by Pod's wrongful actions in this regard.

## THE THIRD CROSS-CLAIM

This Cross-Claim is brought under principles of equitable indemnification. Knowing that Plaintiffs claimed copyright protection in a fabric pattern, the Eames Dot Pattern, Defendant Pod, without disclosing this information to Swavelle, wrongfully encouraged and caused Swavelle to manufacture a fabric that allegedly violated such claim of copyright protection.

23. The Defendant Swavelle repeats and realleges each of the foregoing facts of the Cross-Claim as though fully set forth herein.

24. Pod and its agent Guilford knew of the claim of copyright protection on the Eames Dot Pattern.

25. Pod and its agent Guilford did not inform Swavelle of this claim of copyright protection.

26. Pod and its agent Guilford encouraged Swavelle to manufacture a fabric that allegedly infringed the copyright claimed on the Eames Dot Pattern.

27. Swavelle was damaged by Pod's wrongful actions in this regard and should be indemnified by Pod for its wrongful acts.

WHEREFORE, Swavelle demands that this Court enter judgment on the cross-claims as follows:

1. Awarding Swavelle all damages it has suffered as a result of cross-claim defendant's wrongful conduct, including but not limited to, indemnification for all damages obtained (if any) against Swavelle by plaintiffs, and all fees and costs (including reasonable attorneys' fees) necessary to defend this action and prosecute the cross-claims.

2. Statutory Interest, costs and expenses; and

3. Such other and alternative relief as the Court may deem just and proper.

Dated:   April 10, 2008
         New York, New York

                                KRANTZ & BERMAN, LLP

                                By: _____
                                    Larry H. Krantz (LK 6806)
                                747 Third Avenue
                                32nd Floor
                                New York, New York 10017
                                212-661-0009
                                Attorneys for Swavelle/Mill Creek Fabrics, Inc.