UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EAMES OFFICE, LLC and | ) | |
| MAHARAM FABRIC CORP., | ) | Civ. No. 1:08-cv-00988 (LAP) |
| | ) | |
| Plaintiffs, | ) | ECF CASE |
| | ) | |
| v. | ) | |
| | ) | |
| EASTHILL HOTEL CORP. d/b/a | ) | (Jury Trial Demanded) |
| THE POD HOTEL | ) | |
| SWAVELLE/MILL CREEK FABRICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE POD HOTEL'S ANSWER
TO FIRST AMENDED COMPLAINT,
COUNTERCLAIMS AND CROSS-CLAIMS**

Defendant Easthill Hotel Corp. d/b/a/ The Pod Hotel ("The Pod Hotel"), by its

attorneys the Law Offices of Michael I. Chakansky, hereby provides its Answer to the First

Amended Complaint of Plaintiffs as follows:

**Nature of Action**

1.      Admits the legal nature of the Action and that Plaintiffs seek legal and equitable

relief; otherwise denies the remaining allegations set forth in Paragraph 1 of the First Amended

Complaint.

**Parties**

2.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 of the First Amended Complaint and on that basis denies them.

3.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the First Amended Complaint and on that basis denies them.

4.      Admits the allegations set forth in Paragraph 4 of the First Amended Complaint as to The Pod Hotel; admits that Vanessa Guilford is an employee of The Pod Hotel and was acting on behalf of The Pod Hotel and within the scope of her employment when she decided upon and obtained the fabric-in-question for The Pod Hotel, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 4 of the First Amended Complaint and on that basis denies them.

5.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the First Amended Complaint and on that basis denies them.

**Jurisdiction and Venue**

6.      Admits the allegations set forth in paragraph 6 of the First Amended Complaint.

7.      Admits the allegations set forth in paragraph 7 of the First Amended Complaint.

**Facts**

8.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the First Amended Complaint and on that basis denies them.

9.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint and on that basis denies them.

10.     Denies that The Pod Hotel or Vanessa Guilford were working on renovating (the reconstruction) of The Pod Hotel on or about October 12, 2004, though The Pod Hotel and Vanessa Guilford did eventually work on the renovation; admits the remaining allegations set forth in Paragraph 10 of the First Amended Complaint.

11.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the First Amended Complaint and on that basis denies them; except admits that The Pod Hotel received from Plaintiff Maharam Fabric Corp. ("Maharam"), Maharam's Eames Small Dot Pattern fabric, a copy of which appears to be attached to the First Amended Complaint as Exhibit C, that it had a label attached to it bearing, in part, the following text: "Small Dot Pattern 458320 by Charles and Ray Eames, 1947 *Textiles of the 20th Century*" and  "Fabric design © 2000 Eames Office A Charles and Ray Eames Design™ fabric.  All rights reserved", there was no reference whatsoever to Maharam having any exclusive rights with respect to Maharam's Eames Small Dot Pattern fabric.

12.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the First Amended Complaint and on that basis denies

them; except admits that it received a copy of the invoice attached as Exhibit D to the First

Amended Complaint and that on or around April 4, 2005, in order to finish its model rooms in

time for a photo shoot, The Pod Hotel ordered from Maharam eight yards of Maharam's Eames

Dot Pattern fabric in red, and two yards of Maharam's Anderson Letters fabric in aqua, Maharam

was aware of the intended use of the material and that The Pod Hotel (tka The Pickwick Hotel)

would not be buying more material for the hotel from them.

14. Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 13 of the First Amended Complaint and on that basis denies

them; except admits that, upon information and belief, Vanessa Guilford reviewed and to a

certain extent liked both Maharam's Eames Small Dot Pattern fabric and Maharam's Anderson

Letters fabric, and admits that it did not buy any additional quantities of the two fabrics from

Maharam.

14. Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 14 of the First Amended Complaint and on that basis denies

them; except admits that The Pod Hotel purchased from Defendant Swavelle/Mill Creek Fabrics,

Inc. ("Swavelle") Swavelle's pre-existing JAX Eames dot pattern fabric as modified by changing

the JAX's ground colors and texture, but keeping the same JAX Eames dot pattern, the modified

fabric now referred to as Swavelle's JUMPING JACK fabric, and admits that Swavelle offered

its machine washable JUMPING JACK Eames dot pattern fabric at a lower price per yard than

that quoted by Maharam for Maharam's dry-clean only Eames Small Dot Pattern fabric.

15. Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 15 of the First Amended Complaint and on that basis denies

them.

16.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the First Amended Complaint and on that basis denies them; except admits that The Pod Hotel purchased, upon information and belief,  a little under 4000 yards of Swavelle's JUMPING JACK Eames dot pattern fabric.

17.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the First Amended Complaint and on that basis denies them; except admits that the hotel formerly known as the Pickwick Hotel, after being renovated, reopened to the public as The Pod Hotel, Swavelle's JUMPING JACK Eames dot pattern was not the central theme of the hotel, but The Pod Hotel did use Swavelle's JUMPING JACK Eames dot pattern fabrics on its bedding and headboards, and pictures and copies of Swavelle's JUMPING JACK Eames dot pattern appeared on The Pod Hotel's website, on its brochures and other promotional materials.

18.    Denies the allegations set forth in Paragraph 18 of the First Amended Complaint, except admits that a public relation firm hired by The Pod Hotel created a press release and that on or about March 2007 the press release was made available to the public, further admits that the press release contained the quoted and indented language, which must be read in context.

## Count I

19.    Answering Paragraph 19 of the Amended Complaint, The Pod Hotel repeats and realleges each of its foregoing answers as though fully set forth herein.

20.    Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 20 of the First Amended Complaint and on that basis denies them.

21.    Denies the allegations set forth in Paragraph 21 of the First Amended Complaint as to itself; lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the First Amended Complaint as to Swavelle and on that basis denies them.

22.    Denies the allegations set forth in Paragraph 22 of the First Amended Complaint as to itself; lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint as to Swavelle and on that basis denies them.

23.    Denies the allegations set forth in Paragraph 23 of the First Amended Complaint as to itself; lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the First Amended Complaint as to Swavelle and on that basis denies them.

24.    Denies the allegations set forth in Paragraph 24 of the First Amended Complaint as to itself; lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the First Amended Complaint as to Swavelle and on that basis denies them.

25.    Denies the allegations set forth in Paragraph 25 of the First Amended Complaint as to itself; lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the First Amended Complaint as to Swavelle and on that basis denies them.

## Count II

26.     Answering Paragraph 26 of the Amended Complaint, The Pod Hotel repeats and realleges each of its foregoing answers as though fully set forth herein.

27.     Denies the allegations set forth in Paragraph 27 of the First Amended Complaint.

28.     Denies the allegations set forth in Paragraph 28 of the First Amended Complaint.


## AFFIRMATIVE AND OTHER DEFENSES

1.     The First Amended Complaint fails to state a claim upon which relief may be granted.

2.     Defendant Swavelle was and is a merchant which regularly deals in the goods which are the subject of Plaintiffs' claims of infringement or the like as set forth in the First Amended Complaint, and pursuant to N.Y.U.C.C. § 2-312 Swavelle warranted that the goods it delivered to The Pod Hotel were delivered to The Pod Hotel free of the rightful claim of any third person by way of infringement or the like.

3.     The Pod Hotel was not aware and had no reason to believe that its acts constituted an infringement of any of Plaintiffs' rights.

4.     Plaintiffs are not the owners of a valid copyright in the Eames dot pattern.

5.     Plaintiffs' claimed copyrighted works lack the originality required for copyright protection.

6.     Plaintiffs copyrights are invalid and unenforceable due to intentional misstatements made in the copyright registration applications.

7.      The copyright protection, if any, on Plaintiffs' claimed copyrighted works was dissipated through prior publication and hence the alleged works are no longer entitled to copyright protection as they are in the public domain.

8.      The Pod Hotel did not and does not infringe any copyrightable expression of Plaintiffs in their claimed copyrighted works.

9.      Plaintiffs' claims for statutory damages and attorney's fees under the copyright act are barred, and, thus, should be stricken, pursuant to 17 U.S.C. § 412.

10.     The Pod Hotel is not liable as its purported actions have not and are not likely to cause confusion, cause mistake or deceive as to any protectable right of Plaintiffs.

11.     The Pod Hotel's use or reference to any alleged trademark rights of Plaintiffs, such as, the "Eames name", "Charles and Ray Eames" and/or the "Eames dot pattern" was nominitive, non-infringing fair use.

12.     Plaintiffs claims are barred, in whole or in part, by the doctrines of *estoppel* and unclean hands.


**WHEREFORE**, Defendant Easthill Hotel Corp. d/b/a/ The Pod Hotel demands judgment against Plaintiffs dismissing the First Amended Complaint with prejudice, together with costs of suit, attorneys fees and such other relief, in favor of defendant, as the Court deems equitable and just.

## COUNTERCLAIMS

Defendant-Counterclaim Plaintiff Easthill Hotel Corp. d/b/a/ The Pod Hotel ( hereinafter "Counterclaim-Plaintiff" or "The Pod Hotel"), by its attorneys the Law Offices of Michael I. Chakansky, for its counterclaims against Plaintiffs Counterclaim-Defendants Eames Office, LLC ("Eames Office") and Maharam Fabric Corp. ("Maharam"), alleges as follows:

### Counterclaim Parties

1.      The Pod Hotel is a New York corporation incorporated in New York whose principal place of business is located in New York, New York, does business as and operates The Pod Hotel located at 230 East 51st Street, New York, New York 10022.

2.      Eames Office, upon information and belief, is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Santa Monica, California.

3.      Maharam, upon information and belief, is a corporation incorporated in New York, with a principal place of business in Hauppage, New York.

### Counterclaim Jurisdiction and Venue

4.      These counterclaims arise under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 2201, 2202, and seek declarations that the Eames dot pattern is in the public domain, Eames Office's copyrights are invalid and not infringed and related relief.  This Court has jurisdiction over the subject matter of these counterclaims pursuant

-9-

to 28 U.S.C. §§ 1331, 1338(a) and (b), 1367(a), 2201 and 2202.

5.    An actual case or controversy exists between the parties by virtue of the First Amended Complaint.

6.    Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a). In addition, venue is proper because Eames Office and Maharam have consented to this venue in bringing the action herein.


## Counterclaim Facts

7.    The basis of this controversy stems from Plaintiffs' assertion that The Pod Hotel has infringed its U.S. Copyright Registrations appearing in Exhibit A to the First Amended Complaint by its use of the JUMPING JACK Eames dot pattern fabrics obtained from Swavelle/Mill Creek Fabrics, Inc. ("Swavelle") on its bedding and headboards, and pictures and copies of Swavelle's JUMPING JACK Eames dot pattern appeared on The Pod Hotel's website, on its brochures and other promotional materials.

8.    The Pod Hotel is a hotel, and therefore its beds are important.

9.    As part of The Pod Hotel's renovation and redesign an appropriate fabric was needed for its beds and headboards.

10.    The Pod Hotel investigated hundreds of fabrics patterns from many different providers, relying on the providers to sell only legitimate, authorized products.

11.    It is a common practice for customers such as The Pod Hotel to request fabric providers if they can provide its products in different colors and fabrics.

12.    The Pod Hotel was interested in fabrics which were machine washable.

13.     One of the fabric providers The Pod Hotel communicated with was plaintiff Maharam.

14.     The Pod Hotel knew Maharam as a reputable source of many fabric patterns.

15.     The Pod Hotel was shown many fabric patterns from Maharam, including an Eames dot pattern fabric.

16.     Unfortunately, upon information and belief, Maharam's Eames dot pattern fabric was unavailable in a washable fabric.

17.     Another fabric provider The Pod Hotel communicated with was defendant Swavelle/Mill Creek Fabrics, Inc.  ("Swavelle").

18.     The Pod Hotel knew Swavelle as a reputable source of many fabric patterns.

19.     The Pod Hod was shown many fabric patterns by Swavelle, including an Eames dot pattern that Swavelle called the "JAX" pattern.

20.     The Pod Hotel had no knowledge that Swavelle had no rights to its "JAX" fabric pattern.

21.     The Pod Hotel asked if Swavelle could change the "JAX" fabric ground colors and texture; Swavelle said yes.

22.     In the interim, on or around April 4, 2005, in order to finish its model rooms in time for a photo shoot, The Pod Hotel ordered from Maharam eight yards of Maharam's Eames Dot Pattern fabric in red, and two yards of Maharam's Anderson Letters fabric in aqua, Maharam was aware of the intended use of the material and that The Pod Hotel (tka The Pickwick Hotel) would not be buying more material for the hotel from them, thereafter The Pod Hotel received the ordered material.

23.     Swavelle modified its "JAX" fabric as requested, but importantly kept the original, geometrical JAX Eames dot pattern, the modified fabric now referred to as Swavelle's JUMPING JACK fabric.

24.     The Pod Hotel purchased Swavelle's machine washable, Jumping Jack Eames dot pattern fabric and used it on its bedding and headboards, and pictures and copies of Swavelle's JUMPING JACK Eames dot pattern appeared on The Pod Hotel's website, on its brochures and other promotional materials.

25.     Attached hereto as Appendix I is a copy of the cover and several pages from a magazine dated 1950 (Brodovitch and Zachary: PORTFOLIO. A MAGAZINE FOR THE GRAPHIC ARTS. Cincinnati: Zebra Press, Volume 1, Number 2, 1950) ("Portfolio") showing an image of the Eames dot pattern fabric as published therein.

26.     The publication of the Eames dot pattern in Portfolio in 1950 resulted in the Eames dot pattern becoming part of the public domain and thus anyone is free to copy and use same.

27.     Upon information and belief, there are additional publications of the Eames dot pattern causing same to be in the public domain.

28.     The only registrations appearing in Exhibit A to the Amended Complaint are U.S. Copyright Registration Nos.:  VA 1-398-152; VA 1-310-966; and VA 1-326-768.

29.     None of the three registrations are valid or were or are infringed by The Pod Hotel.

30.     As to all three registrations, any alleged differences between the Eames dot pattern shown in the Appendix I publication and the work claimed in the respective registrations

are not copyrightable.

31.    In the alternative, as to all three registrations, any alleged differences between the Eames dot pattern shown in the Appendix I publication and the work claimed in VA 1-398-152, if copyrightable, are not infringed by The Pod Hotel's use of Swavelle's Eames dot pattern.

32.    U.S. Copyright Registration No. VA 1-398-152, dated February 26, 2007, is entitled "Eames dot pattern" for a work in the nature of a "Fabric Design", Ray Eames, author, Eames Office LLC copyright claimant, 1947 is the date the author completed creation of the copyrighted Fabric Design, while July 1, 1999 is the date of first publication of the Fabric Design in the United States.

33.    VA 1-398-152 was filed in 2007 more than five (5) years after it was allegedly first published in 1999.

34.    Thus with respect to 17 U.S.C. §103(b) Plaintiffs do not have the benefit of the presumption under 17 U.S.C. § 410(c) of copyright validity or the facts stated in the registration certificate and can not rely on the certificate to prove validity or the facts stated therein.

35.    The work claimed in VA 1-398-152 is not original.

36.    U.S. Copyright Registration No. VA 1-310-966, dated August 23, 2002, entitled "Textile patterns Eames stationery collection" claims a compilation of preexisting 2-dimensional artwork, including sheets with the Eames dot pattern on it.

37.    Pursuant to 17 U.S.C. §103(b), VA 1-310-966 does not extend to the pre-existing 2-dimensional artwork which contains the alleged Eames dot pattern, and therefore The Pod Hotel's alleged use of the pre-existing 2-dimensional artwork is not an infringement of this copyright registration.

38.     The work claimed in VA 1-310-966 is not original.

39.     U.S. Copyright Registration No. VA 1-326-768, dated August 23, 2002, entitled "Eames dot pattern journal" for a work in the nature of a "blank journal", Eames Office is the author, the nature of the authorship is a 2-Dimensional artwork, Eames Office is the copyright claimant, the copy of the specimen submitted to the Copyright Office is NOT included with the Certificate of Registration in Exhibit A to the First Amended Complaint, making a determination of what work was copyrighted unknown with certainty, and therefore for this reason alone the registration and all claims of infringement regarding same should be dismissed from this action.

40.     The work claimed in VA 1-326-768 is not original.

41.     Plaintiffs actions in bringing suit against The Pod Hotel has resulted in negative publicity against it.

42.     Plaintiffs demands to The Pod Hotel to cease and desist using the Eames dot pattern and The Pod Hotel's attempts to comply have damaged The Pod Hotel.

43.     A cloud hangs over The Pod Hotel as relates to its use of the public domain Eames dot pattern.

44.     The Pod Hotel has no adequate remedy at law.

## COUNTERCLAIM COUNT I
(Declaration of Public Domain)

45.    The Pod Hotel repeats and realleges each of its foregoing allegations of the Counterclaims as though fully set forth herein.

46.    Plaintiffs have asserted that The Pod Hotel and others may not use the Eames dot pattern without their authorization.

47.    This is improperly impeding the ability of The Pod Hotel and others to use what is in the public domain by claiming that the Eames pattern is not in the public domain and thus placing a cloud over the use of a public domain work.

48.    To remove the cloud, The Pod Hotel seeks a judgment declaring that the Eames dot pattern is in the public domain.

49.    The Pod Hotel has no adequate remedy at law.

## COUNTERCLAIM COUNT II
(Declaration of Invalidity and Order of Cancellation)

50.    The Pod Hotel repeats and realleges each of its foregoing allegations of the Counterclaims as though fully set forth herein.

51.    The Pod Hotel seeks a judgment declaring and holding Eames Office Registration Nos.:  VA 1-398-152; VA 1-310-966; and VA 1-326-768 invalid.

52.    The Pod Hotel further seeks an order directing plaintiff Eames Office to request that the U.S. Copyright Office cancel all three registrations.

53.    The Pod Hotel still further seeks an order directing Plaintiffs Eames Office and

Maharam remove all references to said copyrights and/or copyright registrations from all articles under their control.

54. The Pod Hotel has no adequate remedy at law.


## COUNTERCLAIM COUNT III
(Declaration of Non-infringement)


55. The Pod Hotel repeats and realleges each of its foregoing allegations of the Counterclaims as though fully set forth herein.

56. The Pod Hotel seeks a judgment declaring and holding Eames Office Registration Nos.:  VA 1-398-152; VA 1-310-966; and VA 1-326-768 not to be infringed by The Pod Hotel.

57. The Pod Hotel has no adequate remedy at law.


**WHEREFORE**, Easthill Hotel Corp. d/b/a/ The Pod Hotel prays for the following relief on its Counterclaims against Plaintiffs Eames Office, LLC and Maharam Fabric Corp.:

A. Dismissal of the First Amended Complaint with prejudice.

B. Declaratory judgment that the Eames Dot Pattern is in the Public Domain.

C. Declaratory judgment declaring and holding Eames Office Copyright Registration Nos.:  VA 1-398-152; VA 1-310-966; and VA 1-326-768 are invalid.

D. Declaratory judgment declaring and holding Eames Office Copyright Registration Nos.:  VA 1-398-152; VA 1-310-966; and VA 1-326-768 not infringed by The Pod Hotel.

E. An order directing plaintiff Eames Office to immediately request that the U.S.

-16-

Copyright Office cancel all three registrations, namely, Eames Office Copyright

Registration Nos.:   VA 1-398-152; VA 1-310-966; and VA 1-326-768 .

F.    An order directing Plaintiffs Eames Office and Maharam remove all references to

said copyrights and/or copyright registrations from all articles under their control.

G.    Judgment awarding Easthill Hotel Corp. d/b/a/ The Pod Hotel all its attorney's

fees, expenses and cost of suit incurred in connection with the action herein.

H.    Such other and further relief against Plaintiffs as this Court may determine to be

just and proper under the circumstances.

## EASTHILL HOTEL CORP.'S CROSS-CLAIMS
## AGAINST SWAVELLE/MILL CREEK FABRICS, INC.

Easthill Hotel Corp. d/b/a/ The Pod Hotel (hereinafter "Cross-Claimant" or "The Pod Hotel"**),** by its attorneys the Law Offices of Michael I. Chakansky, for its cross-claims against Swavelle/Mill Creek Fabrics, Inc. (hereinafter "Cross-Claim Defendant" or "Swavelle"), alleges as follow:

### Cross-Claim Parties

1.      Easthill Hotel Corp. d/b/a/ The Pod Hotel is a New York corporation incorporated in New York whose principal place of business is located in New York, New York, does business as and operates The Pod Hotel located at 230 East 51st Street, New York, New York 10022.

2.      Swavelle/Mill Creek Fabrics, Inc., upon information and belief, is a New York corporation with its principal place of business located at 15 East 26th Street, New York, New York 10010 and regularly sells fabrics to customers.

### Cross-Claim Jurisdiction and Venue

3.      This cross-claim arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*., the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 2201, 2202, the New York Uniform Commercial Code, *et al.* and seeks a declaration and judgment that Swavelle is required to indemnify The Pod Hotel for all harm incurred by its purchases and use of certain merchandise purchased from Swavelle and paid for by The Pod Hotel.  This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331,

1338(a) and (b), 1367(a), 2201 and 2202.

4.    An actual case or controversy exists between the parties by virtue of the First

Amended Complaint and Swavelle's cross-claims against The Pod Hotel.

5.    Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

In addition, venue is proper because Swavelle has consented to infringement litigation in this

venue concerning the merchandise sold by Swavelle to The Pod Hotel.


**Cross-Claim Facts**

6.    The Pod Hotel is a hotel, and therefore its beds are important.

7.    As part of The Pod Hotel's renovation and redesign an appropriate fabric was

needed for its beds and headboards.

8.    The Pod Hotel investigated hundreds of fabrics patterns from many different

providers, relying on the providers to sell only legitimate, authorized products.

9.    It is a common practice for customers such as The Pod Hotel to request fabric

providers if they can provide its products in different colors and fabrics.

10.    The Pod Hotel was interested in fabrics which were machine washable.

11.    One of the fabric providers The Pod Hotel communicated with was plaintiff

Maharam Fabric Corp. ("Maharam").

12.    The Pod Hotel knew Maharam as a reputable source of many fabric patterns.

13.    The Pod Hotel was shown many fabric patterns from Maharam, including an

Eames dot pattern fabric.

14.    Unfortunately, upon information and belief, Maharam's Eames dot pattern fabric

was unavailable in a washable fabric.

15.     Another fabric provider The Pod Hotel communicated with was Swavelle.

16.     The Pod Hotel knew Swavelle as a reputable source of many fabric patterns.

17.     The Pod Hod was shown many fabric patterns by Swavelle, including a Eames dot pattern that Swavelle called the "JAX" pattern.

18.     The Pod Hotel had no knowledge that Swavelle had no rights to its "JAX" fabric pattern.

19.     The Pod Hotel asked if Swavelle could change the "JAX" fabric ground colors and texture; Swavelle said yes.

20.     In the interim, on or around April 4, 2005, in order to finish its model rooms in time for a photo shoot, The Pod Hotel ordered from Maharam eight yards of Maharam's Eames Dot Pattern fabric in red, and two yards of Maharam's Anderson Letters fabric in aqua, Maharam was aware of the intended use of the material and that The Pod Hotel (tka The Pickwick Hotel) would not be buying more material for the hotel from them, thereafter The Pod Hotel received the ordered material.

21.     Swavelle then modified its "JAX" fabric as requested, but importantly kept the original, geometrical JAX Eames dot pattern, the modified fabric now referred to as Swavelle's JUMPING JACK fabric.

22.     The Pod Hotel purchased and paid for Swavelle's machine washable, Jumping Jack Eames dot pattern fabric and used it on its bedding and headboards, and pictures and copies of Swavelle's JUMPING JACK Eames dot pattern appeared on The Pod Hotel's website, on its brochures and other promotional materials.

## CROSS-CLAIM COUNT I
(Warranty of Non-Infringement Under New York Uniform Commercial Code)

23.     The Pod Hotel repeats and realleges each of its foregoing allegations of the Cross-claims as though fully set forth herein.

24.     Section 2-312(3) of the New York Uniform Commercial Code sets forth a warranty against infringement or the like in contracts of sale between a buyer and a seller who is a merchant regularly dealing in goods of the kind that are the subject of the seller's contracts with the buyer.

25.     The goods sold by Swavelle to The Pod Hotel were thus warranted by Swavelle against infringement and the like.

26.     In *Eames Office, LLC  and Maharam Fabric Corp. v.  Easthill Hotel Corp. d/b/a/ The Pod Hotel and Swavelle/Mill Creek Fabrics, Inc.*, 1:08-cv-00988, SDNY (the "Eames Office Action"), plaintiffs are alleging that The Pod Hotel's purchase and use of the goods bought from Swavelle are an infringement or the like of plaintiffs' rights.

27.     The breach of this warranty has caused damage to The Pod Hotel.

28.     Pursuant to Section 2-312(3), The Pod Hotel is entitled to full indemnification from Swavelle for any losses, expenses, liability or damages, including without limitation, attorneys fees and costs,  incurred in Plaintiffs action the "Eames Office Action based upon the fabric sold by Swavelle to The Pod Hotel and the use made thereof by The Pod Hotel.

## CROSS-CLAIM COUNT II
(Common Law Indemnification)

29.     The Pod Hotel repeats and realleges each of its foregoing allegations of the Cross-claims as though fully set forth herein.

30.     Upon information and belief, Swavelle in creating or obtaining its "JAX" fabric pattern intentionally copied an Eames dot pattern without authorization.

31.     Upon information and belief, Swavelle offered its "JAX" fabric pattern for sale knowing that it was not authorized to do so.

32.     Upon information and belief, Swavelle offered its "JUMPING JACK" fabric pattern for sale knowing that it was not authorized to do so.

33.     Swavelle did not disclose to The Pod Hotel that it had no right to sell or modify its "JAX" fabric pattern.

34.      Swavelle did not disclose to The Pod Hotel that it had no right to sell its "JUMPING JACK" fabric pattern.

35.     Swavelle's lack of disclosure encouraged The Pod Hotel to purchase and use Swavelle's "JUMPING JACK" fabric pattern, which purchase and use has brought about the "Eames Office Action" damaging The Pod Hotel.

36.     In the Eames Office Action, plaintiffs are alleging that The Pod Hotel's purchase and use of the goods bought from Swavelle are an infringement or the like of plaintiffs' rights.

37.     The Pod Hotel was damaged by Swavelle's wrongful acts.

**WHEREFORE**, Easthill Hotel Corp. d/b/a/ The Pod Hotel prays for the following relief on its Cross-Claims against Swavelle/Mill Creek Fabrics, Inc.:

A.      Judgment pursuant to N.Y.U.C.C. § 2-312(3) awarding The Pod Hotel the amount of any recovery or damages or other award obtained by Plaintiffs in the event that The Pod Hotel is determined to be liable to Plaintiffs in the Eames Office Action.

B.      Judgment pursuant to the common law awarding The Pod Hotel the amount of any recovery or damages or other award obtained by Plaintiffs in the event that The Pod Hotel is determined to be liable to Plaintiffs in the Eames Office Action.

C.      Judgment awarding Easthill Hotel Corp. d/b/a/ The Pod Hotel all its attorney's fees, expenses and cost of suit incurred in connection with the action herein.

D.      Such other and further relief against Swavelle as this Court may determine to be just and proper under the circumstances.


Date April 28, 2008

LAW OFFICES OF MICHAEL I. CHAKANSKY


*/s/ Michael I. Chakansky*
Michael I. Chakansky, Esq.
1350 Broadway - Suite 1510
New York, New York 10018
E-MAIL:  mic@pipeline.com
PHONE:  212.244.5121

*Attorneys for Defendant and Cross-Claimant*
*Easthill Hotel Corp. d/b/a The Pod Hotel*

-23-

# APPENDIX   I



2008  4  12

COVER: Design for a kite
by Charles Eames,
reproduced from his original
paste-up made with
swatches of colored tissue paper.

2008  4  12



# PORTFOLIO #2

EDITORS: George S. Rosenthal and Frank Zachary
ART EDITOR: Alexey Brodovitch
EDITORIAL ASSOCIATES: Julius Adelman, Sidney Carroll,
Josephine W. Johnson, Edgar Kaufmann, Jr., James A. Maxwell,
Ronald Schiller
ART ASSOCIATES: Jack Dunbar, Jacqueline Embree,
Saul Nesbitt, Andrew Szoeke
PHOTOGRAPHY: Arnold Newman, Ben Rose
BUSINESS MANAGER: George W. Rosenthal


PORTFOLIO MAGAZINE published quarterly
by the Zebra Press
22 East 12th Street, Cincinnati 10, Ohio.
Subscription rates one year
in the United States and possessions,
Canada and countries in
Pan-American Postal Union, $12.
Elsewhere $15 (payable in U. S. funds). Single copy $5.
Eastern advertising office: Warren Thompson Mayers,
130 East 61st Street, New York 21, N. Y.
Midwest advertising office: Stuart J. Ostro,
333 N. Michigan Avenue, Chicago 1, Ill.
Entered as second-class matter
at Cincinnati 34, Ohio.
Copyright 1950, by the Zebra Press.


A MAGAZINE FOR THE GRAPHIC ARTS Vol. 1, No. 2 SUMMER 1950






# #2

# PORTFOLIO

EDITORS: George S. Rosenthal and Frank Zachary
ART EDITOR: Alexey Brodovitch
EDITORIAL ASSOCIATES: Julius Adelman, Sidney Carroll,
Josephine W. Johnson, Edgar Kaufmann, Jr., James A. Maxwell,
Ronald Schiller
ART ASSOCIATES: Jack Dunbar, Jacqueline Embree,
Saul Nesbitt, Andrew Szoeke
PHOTOGRAPHY: Arnold Newman, Ben Rose
BUSINESS MANAGER: George W. Rosenthal

PORTFOLIO MAGAZINE published quarterly
by the Zebra Press
22 East 12th Street, Cincinnati 10, Ohio.
Subscription rates one year
in the United States and possessions,
Canada and countries in
Pan-American Postal Union, $12.
Elsewhere $15 (payable in U. S. funds). Single copy $5.
Eastern advertising office: Warren Thompson Mayers,
130 East 61st Street, New York 21, N. Y.
Midwest advertising office: Stuart J. Osten,
333 N. Michigan Avenue, Chicago 1, Ill.
Entered as second-class matter
at Cincinnati 34, Ohio.
Copyright 1950, by the Zebra Press.

A MAGAZINE FOR THE GRAPHIC ARTS Vol. 1, No. 2 SUMMER 1950







Metal chair frames, photographed by Eames to make an intriguing pattern, and then—playfully—the Eameses, man and wife, pinned down by their own prodigy. *Above,* one of Ray Eames' fabric patterns, clearly related in its linear structure and punctuation to the chair frames. *Below,* portions of his new storage cabinets arranged by Eames to form a crisp, pure abstract design.

2008    4    12



2008  4  12



☐ Please send a subscription
to Portfolio Magazine at the
special introductory rate of
ten dollars a year.
(Regular rate twelve dollars).

☐ Please send me . . . .
additional copies of this issue
(Volume One, Number Two) at
the special price of three dollars
a copy. (Regular price
five dollars).

*Name*

*Firm*

*Address*

*City*

*State*

2008  4  12

# APPENDIX  I



2008  4  12

COVER: Design for a kite
by Charles Eames,
reproduced from his original
paste-up made with
swatches of colored tissue paper.

2008  4  12



# #2

# PORTFOLIO

EDITORS: George S. Rosenthal and Frank Zachary
ART EDITOR: Alexey Brodovitch
EDITORIAL ASSOCIATES: Julius Adelman, Sidney Carroll,
Josephine W. Johnson, Edgar Kaufmann, Jr., James A. Maxwell,
Ronald Schiller
ART ASSOCIATES: Jack Dunbar, Jacqueline Embree,
Saul Nesbitt, Andrew Szoeke
PHOTOGRAPHY: Arnold Newman, Ben Rose
BUSINESS MANAGER: George W. Rosenthal


PORTFOLIO MAGAZINE published quarterly
by the Zebra Press
22 East 12th Street, Cincinnati 10, Ohio.
Subscription rates one year
in the United States and possessions,
Canada and countries in
Pan-American Postal Union, $12.
Elsewhere $15 (payable in U. S. funds). Single copy $5.
Eastern advertising office: Warren Thompson Mayers,
130 East 61st Street, New York 21, N. Y.
Midwest advertising office: Stuart J. Osten,
333 N. Michigan Avenue, Chicago 1, Ill.
Entered as second-class matter
at Cincinnati 34, Ohio.
Copyright 1950, by the Zebra Press.

A MAGAZINE FOR THE GRAPHIC ARTS Vol. 1, No. 2 SUMMER 1950

2008 4 12



# # 2

# PORTFOLIO

EDITORS: George S. Rosenthal and Frank Zachary
ART EDITOR: Alexey Brodovitch
EDITORIAL ASSOCIATES: Julius Adelman, Sidney Carroll,
Josephine W. Johnson, Edgar Kaufmann, Jr., James A. Maxwell,
Ronald Schiller
ART ASSOCIATES: Jack Dunbar, Jacqueline Embree,
Saul Nesbitt, Andrew Szoeke
PHOTOGRAPHY: Arnold Newman, Ben Rose
BUSINESS MANAGER: George W. Rosenthal

PORTFOLIO MAGAZINE published quarterly
by the Zebra Press
22 East 12th Street, Cincinnati 10, Ohio.
Subscription rates one year
in the United States and possessions,
Canada and countries in
Pan-American Postal Union, $12.
Elsewhere $15 (payable in U. S. funds). Single copy $5.
Eastern advertising office: Warren Thompson Mayers,
130 East 61st Street, New York 21, N. Y.
Midwest advertising office: Stuart J. Osten,
333 N. Michigan Avenue, Chicago 1, Ill.
Entered as second-class matter
at Cincinnati 34, Ohio.
Copyright 1950, by the Zebra Press.

A MAGAZINE FOR THE GRAPHIC ARTS Vol. 1, No. 2 SUMMER 1950







Metal chair frames, photographed by Eames to make an intriguing pattern, and then—playfully—the Eameses, man and wife, pinned down by their own prodigy. *Above,* one of Ray Eames' fabric patterns, clearly related in its linear structure and punctuation to the chair frames. *Below,* portions of his new storage cabinets arranged by Eames to form a crisp, pure abstract design.



2008   4  12



☐ Please send a subscription
to Portfolio Magazine at the
special introductory rate of
ten dollars a year.
(Regular rate twelve dollars).

☐ Please send me . . . . .
additional copies of this issue
(Volume One, Number Two) at
the special price of three dollars
a copy. (Regular price
five dollars).

*Name*

*Firm*

*Address*

*City*

*State*

2008  4  12