UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EAMES OFFICE, LLC and | ) | |
| MAHARAM FABRIC CORP., | ) | Civ. No. 1:08-cv-00988 (LAP) |
| | ) | |
| Plaintiffs, | ) | ECF CASE |
| | ) | |
| v. | ) | |
| | ) | |
| EASTHILL HOTEL CORP. d/b/a | ) | (Jury Trial Demanded) |
| THE POD HOTEL | ) | |
| SWAVELLE/MILL CREEK FABRICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE POD HOTEL'S ANSWER
TO DEFENDANT SWAVELLE'S CROSS-CLAIMS**

Defendant Easthill Hotel Corp. d/b/a/ The Pod Hotel ("The Pod Hotel"), by its

attorneys the Law Offices of Michael I. Chakansky, hereby provides its Answer to Defendant

Swavelle/Mill Creek Fabrics, Inc. ("Swavelle") Cross-Claims as set forth in Defendant

Swavelle's Answer and Crossclaims to First Amended Complaint ("Swavelle's Cross-Claims")

as follows:

**The Facts**

1.      Admits the allegations set forth in Paragraph 1 of Swavelle's Cross-Claims as to

The Pod Hotel; admits that Vanessa Guilford is an employee of The Pod Hotel and was acting on

behalf of The Pod Hotel and within the scope of her employment when she decided upon and

obtained the fabric-in-question for The Pod Hotel, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 4 of the First Amended Complaint and on that basis denies them.

2.      Admits, upon information and belief, the allegations set forth in the first sentence of  Swavelle Paragraph 2 of Swavelle's Cross-Claims.   Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 2 of Swavelle's Cross-Claims and on that basis denies them.

3.      As to the allegations set forth in the first sentence of Paragraph 3 of Swavelle's Cross-Claims, wherein Swavelle references the allegations and claims made by plaintiffs in their First Amended Complaint, The Pod Hotel hereby incorporates by reference and realleges its responses thereto as set forth in Defendant The Pod Hotel's Answer to the First Amended Complaint, Counterclaims and Cross-Claims ("The Pod Hotel's Answer").   Denies the allegations set forth in the second sentence of Paragraph 3 of  Swavelle's Cross-Claims; except admits that The Pod Hotel received from Plaintiff Maharam Fabric Corp. ("Maharam"), Maharam's Eames Small Dot Pattern fabric, a copy of which appears to be attached to the First Amended Complaint as Exhibit C, that it had a label attached to it bearing, in part, the following text: "Small Dot Pattern 458320 by Charles and Ray Eames, 1947 *Textiles of the 20th Century*" and  "Fabric design © 2000 Eames Office A Charles and Ray Eames Design™ fabric.  All rights reserved", there was no reference whatsoever to Maharam having any exclusive rights with respect to Maharam's Eames Small Dot Pattern fabric.

4.      Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of Swavelle's Cross-Claims and on that basis denies them.

5.     Denies the allegations set forth in Paragraph 5 of Swavelle's Cross-Claims; except admits that Evan Shatz, a sales representative for Swavelle/Mill Creek Fabrics. Inc. brought to Vanessa Guilford's office a blanket sample set for a Swavelle fabric pattern set named "JAX"; the blanket set contained samples of the "JAX" pattern fabric in various colors, holding the blanket set together was a label bent over one end of the set and fastening the samples together, on the label appeared the brand "JAX" and either the Swavelle registered trademark "Swavelle/Mill Creek ..." or the Swavelle registered trademark "tfa (in a circle)", most likely the "tfa (in a circle)", and that on all the Swavelle "JAX" fabric samples in the blanket set appeared the same original, geometric Swavelle JAX Eames dot pattern which appears on The Pod Hotel's bedding and headboards, website, on its brochures and other promotional materials.

6.     Denies the allegations set forth in Paragraph 6 of Swavelle's Cross-Claims; except admits that on March 31, 2005, Vanessa Guilford spoke with Ed Marquez at Swavelle during which he, on behalf of Swavelle, confirmed that Swavelle could re-color and re-weave, that is, provide in a different color and texture, its "JAX" fabric pattern and relying on the confirmation that Swavelle could make the requested changes to its "JAX" fabric pattern, The Pod Hotel (tka The Pickwick Hotel) then requested Swavelle to provide The Pod Hotel with samples of the re-colored and re-weaved "JAX" dot pattern, included with the request were fabric samples of the color and weave requested.

7.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of Swavelle's Cross-Claims and on that basis denies them.

8.     As to the allegations set forth in Paragraph 8 of Swavelle's Cross-Claims, wherein Swavelle references the allegations and claims made by plaintiffs in their First Amended

Complaint, The Pod Hotel hereby incorporates by reference and realleges its responses thereto as set forth in The Pod Hotel's Answer; except admits that on or around April 4, 2005, in order to finish its model rooms, The Pod Hotel ordered from Plaintiff Maharam Fabric Corp. ("Maharam") eight yards of Maharam's Eames Dot Pattern fabric in red, and two yards of Maharam's Anderson Letters fabric in aqua, thereafter The Pod Hotel received the ordered material.

9.    Denies the allegations set forth in Paragraph 9 of Swavelle's Cross-Claims; except admits that The Pod Hotel and Vanessa Guilford, as its employee, used both the Maharam materials to finish The Pod Hotel's model rooms

10.    Denies the allegations set forth in Paragraph 10 of Swavelle's Cross-Claims; except admits that on or about May 9, 2005, Evan Shatz on behalf of Swavelle delivered by hand to The Pod Hotel the revised "JAX" fabric in red and in blue; The Pod Hotel immediately approved the red sample and gave the sample with approval to Evan Shatz and requested Evan Shatz have Swavelle redo the blue sample, to make the pattern darker;  on or about June 1, 2005, The Pod Hotel ordered the red and blue version of the "JAX" pattern from Swavelle, the blue "JAX" to await approval,  on or about June 14, 2005 The Pod Hotel received the redone blue sample from Swavelle and on June 15, 2005 The Pod Hotel sent Swavelle's blue sample back to Swavelle with the approval noted on it.

11.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Swavell's Cross-Claims regarding the exact yardage of material and on that basis denies them; admits the remaining allegations set forth in Paragraph 11 of Swavelle's Cross-Claims; and admits, upon information and belief, that the yardage was about

4000 yards, the exact amount to be determined.

## The First Cross-Claim

Denies the allegations set forth in the prefatory paragraph of The First Cross-Claim; except admits that Swavelle allegedly claims the nature of The First Cross-Claim as falling under N.Y. U.C.C. § 2-312(3).

12. Answering Paragraph 12 of Swavelle's Cross-Claims, The Pod Hotel repeats and realleges each of its foregoing answers as though fully set forth herein.

13. Denies the allegations set forth in Paragraph 13 of Swavelle's Cross-Claims.

14. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of Swavelle's Cross-Claims and on that basis denies them.

15. Denies the allegations set forth in Paragraph 15 of Swavelle's Cross-Claims.

16. Denies the allegations set forth in Paragraph 16 of Swavelle's Cross-Claims.

17. Denies the allegations set forth in Paragraph 17 of Swavelle's Cross-Claims.

## The Second Cross-Claim

Denies the allegations set forth in the prefatory paragraph of The Second Cross-Claim; except admits that Swavelle allegedly claims the nature of The Second Cross-Claim as falling under the principles of copyright and tort law.

18. Answering Paragraph 18 of Swavelle's Crossclaim, The Pod Hotel repeats and realleges each of its foregoing answers as though fully set forth herein.

19. Denies the allegations set forth in Paragraph 19 of Swavelle's Cross-Claims.

20.    Denies the allegations set forth in Paragraph 20 of Swavelle's Cross-Claims.

21.    Denies the allegations set forth in Paragraph 21 of Swavelle's Cross-Claims.

22.    Denies the allegations set forth in Paragraph 22 of Swavelle's Cross-Claims.

## The Third Cross-Claim

Denies the allegations set forth in the prefatory paragraph of The Third Cross-Claim; except admits that Swavelle allegedly claims the nature of The Third Cross-Claim as falling under the principles of equitable indemnification.

23.    Answering Paragraph 23 of Swavelle's Crossclaim, The Pod Hotel repeats and realleges each of its foregoing answers as though fully set forth herein.

24.    Denies the allegations set forth in Paragraph 24 of Swavelle's Cross-Claims.

25.    Denies the allegations set forth in Paragraph 25 of Swavelle's Cross-Claims.

26.    Denies the allegations set forth in Paragraph 26 of Swavelle's Cross-Claims.

27.    Denies the allegations set forth in Paragraph 27 of Swavelle's Cross-Claims.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Swavelle's Cross-Claims fail to state a claim upon which relief may be granted.

2.    Defendant Swavelle was and is a merchant which regularly deals in the goods which are the subject of Plaintiffs' claims of infringement or the like as set forth in the First Amended Complaint, and pursuant to N.Y.U.C.C. § 2-312 Swavelle warranted that the goods it delivered to The Pod Hotel were delivered to The Pod Hotel free of the rightful claim of any third person by way of infringement or the like.

3.      Swavelle's claims are barred in whole or part by the doctrines of *estoppel* and unclean hands.

4.      Swavelle's claims are barred in whole or part by its fraud in knowingly copying Plaintiffs' Eames dot pattern without right or authorization and offering to sell and/or selling same to The Pod Hotel.

5.      Swavelle's claims are barred in whole or part by its contributory negligence, including, without limitation, by its failure to disclose to The Pod Hotel that Swavelle's "JAX" fabric was an unauthorized copy and/or that Swavelle had no right or authorization to manufacture and/or sell its "JAX" fabric, and/or by its failure to disclose to The Pod Hotel that Swavelle had no authorization or right to manufacture and/or sell its "JUMPING JACK" fabric; and/or by Swavelle selling its "JUMPING JACK" fabric to The Pod Hotel for The Pod Hotel to use.

6.      The Pod Hotel owed no duty to Swavelle with respect to Plaintiffs' Eames dot pattern.

7.      The Pod Hotel was not aware and had no reason to believe that its acts constituted an infringement of any of Plaintiffs' Eames Office, LLC's ("Eames Office") and/or Maharam's rights.

8.      The Pod Hotel has not infringed any valid and enforceable copyright of Plaintiffs.

9.      The Pod Hotel is not liable to Plaintiffs as its purported actions have not and are not likely to cause confusion, cause mistake or deceive as to any protectable right of Plaintiffs.

10.     The Pod Hotel's use or reference to any alleged trademark rights of Plaintiffs, such as, the "Eames name", "Charles and Ray Eames" and/or the "Eames dot pattern" was

nominitive, non-infringing fair use.

11.    The Pod Hotel hereby incorporates by reference herein and hereby realleges all its Affirmative and Other Defenses set forth in The Pod Hotel's Answer.


**WHEREFORE**, Defendant Easthill Hotel Corp. d/b/a/ The Pod Hotel demands judgment against Swavelle dismissing Defendant Swavelle's Cross-Claims with prejudice, together with costs of suit, attorneys fees and such other relief, in favor of The Pod Hotel, as the Court deems equitable and just.


Date April 30, 2008

LAW OFFICES OF MICHAEL I. CHAKANSKY


*/s/ Michael I. Chakansky* 
Michael I. Chakansky, Esq. 
1350 Broadway - Suite 1510 
New York, New York 10018 
E-MAIL:  mic@pipeline.com 
PHONE:  212.244.5121

*Attorneys for Defendant, Counterclaim* 
*Plaintiff and  Cross-Claimant* 
*Easthill Hotel Corp. d/b/a The Pod Hotel*
