UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EAMES OFFICE, LLC and | ) | |
| MAHARAM FABRIC CORP., | ) | |
| Plaintiffs | ) | |
| | ) | Civ. No. 1:08-cv-988 (LAP) |
| v. | ) | **ECF CASE** |
| | ) | |
| EASTHILL HOTEL CORP. d/b/a | ) | |
| THE POD HOTEL, and | ) | |
| SWAVELLE/MILL CREEK FABRICS, INC., | ) | |
| Defendants | ) | |

## DEFENDANT SWAVELLE/MILL CREEK FABRICS, INC.'s,

## ANSWER TO DEFENDANT EASTHILL HOTEL CORP.'S CROSS-CLAIM

Defendant Swavelle/Mill Creek Fabrics, Inc. ("Swavelle") by and through its attorneys,

Krantz and Berman, LLP, hereby provides its Answer to Defendant Easthill Hotel Corp.'s

("Pod") Cross-Claim as follows:

### Cross Claim Parties

1.      Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 1 and, on that basis, denies those allegations.

2.      Admits the allegations in paragraph 2 of Defendant Pod's Cross-Claim.

### Cross-Claim Jurisdiction and Venue

3.      Admits the legal nature of the Action and that Pod seeks relief; admits the

jurisdictional allegations; otherwise denies the remaining allegations in the

1

paragraph 3.

4.      Admits the allegations in paragraph 4 of Defendant Pod's Cross-Claim.

5.      Admits the allegations set forth in the first sentence in paragraph 5 of Defendant

Pod's Cross-Claim; otherwise denies the allegations.


**Cross-Claim Facts**

6.      Admits that the Pod is a hotel; otherwise denies the allegations in paragraph 6 of

Defendant Pod's Cross-Claim.

7.      Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 7 of Defendant Pod's Cross-Claim and, on that basis, denies those

allegations.

8.      Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 8 of Defendant Pod's Cross-Claim and, on that basis, denies those

allegations.

9.      Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 9 of Defendant Pod's Cross-Claim.

10.     Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 10 of Defendant Pod's Cross-Claim.

11.     Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 11 of Defendant Pod's Cross-Claim.

12.     Lacks knowledge and information sufficient to form a belief as to the allegations

in paragraph 12 of Defendant Pod's Cross-Claim.

13.    Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 13 of Defendant Pod's Cross-Claim, except that Swavelle believes that Pod or its representative was shown the Eames Dot Pattern fabric.

14.    Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 14 of Defendant Pod's Cross-Claim.

15.    Admits allegations of paragraph 15 of Defendant Pod's Cross-Claim.

16.    Admits only that Swavelle is a reputable source for fabric; otherwise lacks knowledge and information sufficient to form a belief as to what Pod knew about Swavelle.

17.    Admits only that Swavelle showed Pod or its representative many fabric patterns, one of those being the JAX pattern; otherwise denies the allegations in paragraph 17 of the Defendant Pod's Cross-Claim.

18.    Denies the allegations in paragraph 18 of Defendant Pod's Cross-Claim.

19.    Admits only that Pod asked Swavelle to manufacture a fabric according to its specifications which used a cloth and colors different from the JAX pattern.

20.    Lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 20 of Defendant Pod's Cross-Claim.

21.    Admits only that Swavelle caused a fabric to be manufactured in two color schemes according to specifications given it by Pod and that it called the new fabric JUMPING JACKS; otherwise denies the allegations of paragraph 21 of Defendant Pod's Cross-Claim.

22.    Lacks knowledge and information sufficient to form a belief as to the allegations

3

in paragraph 22 of Defendant Pod's Cross-Claim.

## CROSS-CLAIM COUNT I

23. Swavelle repeats and realleges each of its foregoing answers to Defendant Pod's Cross-Claim as though fully set forth herein.

24. Declines to respond; this is a statement of law which does not require an answer.

25. Denies the allegations in paragraph 25 of Defendant Pod's Cross-Claim.

26. Admits that in the named suit Plaintiffs are alleging what is stated in paragraph 26 of Defendant Pod's Cross-Claim, among other things.

27. Denies the allegations in paragraph 27 of Defendant Pod's Cross-Claim.

28. Denies the allegations in paragraph 28 of Defendant Pod's Cross-Claim.

## CROSS-CLAIM COUNT II

29. Swavelle repeats and realleges each of its foregoing answers to Defendant Pod's Cross-Claim as though fully set forth herein.

30. Denies the allegations in paragraph 30 of Defendant Pod's Cross-Claim.

31. Denies the allegations in paragraph 31 of Defendant Pod's Cross-Claim.

32. Denies the allegations in paragraph 32 of Defendant Pod's Cross-Claim.

33. Denies the allegations in paragraph 33 of Defendant Pod's Cross-Claim.

34. Denies the allegations in paragraph 34 of Defendant Pod's Cross-Claim.

35. Denies the allegations in paragraph 35 of Defendant Pod's Cross-Claim.

36. Admits that in the named suit Plaintiffs are alleging what is stated in paragraph 36 of Defendant Pod's Cross-Claim, among other things.

37. Denies the allegations in paragraph 35 of Defendant Pod's Cross-Claim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Defendant Pod's Cross-Claim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Eames Dot Pattern was not an original work and therefore does not and cannot receive copyright protection.

## THIRD AFFIRMATIVE DEFENSE

The copyright protection, if any, on the Eames Dot Pattern was dissipated through publication of that pattern and the pattern is no longer entitled to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

The claims set forth in Defendant Pod's Cross-Claim are barred in whole or in part by the doctrine of *laches*.

## FIFTH AFFIRMATIVE DEFENSE

The claims and claims for damages set forth in Defendant Pod's Cross-Claim are barred in whole or in part under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any infringement is proven by plaintiff, Defendant Pod was on notice of the infringement and may not obtain indemnity or hold Swavelle responsible either under the UCC or otherwise.

WHEREFORE, Swavelle demands that this Court enter judgment dismissing the Crossclaim, together with costs and attorney's fees, as provided by law, together with such other and alternative relief as the Court may deem just and proper.

Dated:      May 30, 2008
            New York, New York

                                        **KRANTZ & BERMAN LLP**

                                        By: _____
                                              Larry H. Krantz

                                        747 Third Avenue
                                        32nd Floor
                                        New York, New York 10017
                                        212-661-0009
                                        Attorneys for Swavelle/Mill Creek Fabrics, Inc.